## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

DOUGLAS SUTTON,                          *

Plaintiff,                               *

v.                                       *              Civil Action No. PJM-22-0673

WARDEN GAIL WATTS, *et al.*,             *

Defendants.                              *

                                        ***

### MEMORANDUM OPINION

According to the Maryland Judiciary Case Search, in 2010 Plaintiff Douglas Sutton pled

guilty to a charge of Robbery in the Circuit Court for Baltimore County. He was originally

sentenced to 10 years incarceration at the Baltimore County Department of Corrections

("BCDC") followed by a probationary period of 5 years.[1] After serving time in custody (less than

10 years in view of suspended time), his five-year probationary term began. In 2021, Sutton was

charged with a Violation of Probation in the Baltimore County Criminal Court and apparently

taken into custody where he has held until May 19, 2022, at which time the violation charge was

dismissed and he was released from custody.

However, on March 18, 2022 – while Sutton was still being held on the violation of

probation charge – he filed the present Complaint in this Court pursuant to 42 U.S.C. § 1983,

alleging an unconstitutional denial of medical care and undue delay causing him unnecessary

pain and suffering during his detention. ECF No. 1.  He brings this action against BCDC

Director Gail Watts and BCDC Officer S. Verch, as well as Primecare physician, Dr. Zowie

---

1 Under Maryland state law, "probation", in addition to being imposed in lieu of incarceration, also refers to a
period of supervision following incarceration. *See* Md. Code Ann., Criminal Procedure Article § 6-225 (2021). In
the latter sense, it is the equivalent of "supervised release" under the federal system. *See* 18 U.S.C § 3583.

Barnes, seeking both money damages and injunctive relief.

Watts and Verch have moved to dismiss all claims,[2] as has Barnes. ECF Nos. 23, 25. Sutton has been provided an opportunity to respond to each motion, but has not done so. ECF Nos. 24, 27.

The Court has reviewed the pleadings and decides the motions without a hearing. Local Rule 105.6 (D. Md. 2021). For the reasons stated below, both Motions to Dismiss will be **DENIED** insofar as they pertain to Sutton's request for money damages but will be **GRANTED** insofar as they pertain to Sutton's request for injunctive relief.

## BACKGROUND

Sutton's Complaint, attached exhibits and supplements, detail events that took place while he was housed at BCDC. ECF Nos. 1, 1-1, 4, 7, 8, 21. He alleges that he received inadequate care for serious medical issues related to cysts and kidney stones. ECF No. 1 at 2. He states that BCDC was aware of his history of kidney stones dating back to a previous incarceration in 2010. *Id.* He says that on June 30, 2021, he had an ultrasound that was reviewed by Defendant Barnes. *Id.* at 2-3. At that time Barnes noted "multiple kidney stones and cyst." *Id.* at 3. On July 7, 2021, a physician's assistant reportedly told Sutton that he would be seen by an outside specialist within 45 days. *Id.* However, as of August 26, 2021 Sutton was in severe pain and still had not seen a specialist. *Id.* When he asked a nurse practitioner when he would see a specialist, she allegedly responded that there was no notation in his medical record that he was supposed to see a specialist, but then increased his prescription for Motrin. *Id.* On August 31, 2021, Sutton reported to Barnes

---

[2] BCDC Defendants label their motion as a "Motion to Dismiss, or in the Alternative, for Summary Judgment", whereas they label their accompanying memorandum as a "Memorandum of Law in Support of County Defendants' Motion to Dismiss." ECF Nos. 23, 23-1. The content of the memorandum makes clear that the motion is actually one to dismiss, not for summary judgment. Accordingly, the Court analyzes the motion solely as a motion to dismiss.

that his morning medications were coming in the afternoon, but that there were insufficient officers to transport him to the medical department for a prescribed "warm pack." *Id.* Barnes then discontinued Sutton's noon medication. *Id.* On February 24, 2022, Sutton was sent to Greater Baltimore Medical Center where he saw a physician who ordered that he receive a CAT scan. *Id.* at 4. Sutton's Complaint, dated March 18, 2022, states that he continued in "excruciating pain every day." *Id.* at 5.

Sutton's second supplement to his Complaint was received by the Court for filing on May 2, 2022, just days before his release from state custody. ECF No. 7. In it, Sutton states that results of the CAT scan were received on March 18, 2022, and that on April 25, 2022, Barnes told him he could receive surgery to remove the stones. As of the date of the filing of his Complaint, however, May 2, 2022, surgery appears not to have taken place. *Id.* at 1. Sutton further stated that he had not regularly received prescribed medications, nor had he been assigned to a bottom bunk, although that had been ordered by the medical department. ECF No. 7 at 2; ECF No. 8 at 2-4. Sutton stated that he suffered constant severe untreated pain. ECF No. 8 at 5.

Given the seriousness of the allegations Sutton raised, on May 5, 2022 the Court ordered Defendant Watts to provide a preliminary response directing her indicate what in fact had been done to ensure that Sutton was receiving appropriate medical care, including surgery, if any, to remove the kidney stones, prescribed medications, and access to a bottom bunk. ECF No. 9. On May 12, 2022, Watts filed her response along with the affidavit of Colleen Ehresman, RN, Esquire. ECF No. 10, 10-1. On June 2, 2022, the Court received a letter from Sutton dated May 23, 2022, stating that he was no longer in custody, and providing his address.[3]

---

3 As a rule, while a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there, it does not render claims for damages moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991); *see also Taylor v. Rogers*, 781 F.2d 1047, 1051 (4th Cir. 1986) (rendering the injunctive and declaratory claims of a petitioner who had been paroled with a termination of parole supervision

## STANDARD OF REVIEW

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The court is obliged to examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe these allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Further, Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards," requiring only that a plaintiff submit a "short and plain statement of the claim showing that [he or she] is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing Fed. R. Civ. P. 8(a)(2)). When a plaintiff is pro se, his submissions are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *accord. Bala v. Cmm'w of Va. Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013).

## DISCUSSION

### A. BCDC Defendants Watts and Verch

Sutton's claims definitely suggest a potential violation on the part of the Defendants pursuant to 42 U.S.C. § 1983 based on their alleged failure to provide him constitutionally

---

moot but allowing his claim for damages to survive).

4

adequate medical care. Defendants Watts and Verch suggest that, although Sutton has alleged that he has a "painful medical condition", he has done no more than plead a "disagreement with the treatment prescribed by the medical staff," which does not amount to the requisite deliberate indifference. ECF No. 23-1 at 4. They also assert that Sutton's claims related to understaffing and delays in treatment amount to allegations of "mere negligence at best"; they do not state a claim for relief. *Id.* Finally, Defendants assert that they are entitled to qualified immunity. *Id.* at 4-5.

Under the Eighth Amendment, the government must "provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Any "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Id.* at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). To prevail on a claim based on the alleged denial of medical care, a plaintiff must establish that defendants' actions or their failure to act amounted to "deliberate indifference to serious medical needs." *See Estelle*, 429 U.S. at 106; *see also Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017).

A delay in medical care violates the Eighth Amendment if, objectively speaking, it puts the inmate "at a 'substantial risk' of 'serious harm'" and "the defendants 'subjectively recognized' that there was such a risk and that their 'actions were inappropriate in light of that risk.'" *Moss v. Harwood*, 19 F.4th 614, 624 (4th Cir. 2021) (quoting *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016), and then *Anderson*, 877 F.3d at 545); *see Smith v. Smith*, 589 F.3d 736, 738–39 (4th Cir. 2009) ("mere delay . . . can be sufficient to constitute a violation of the Eighth Amendment" if "'the prison official acted with a sufficiently culpable state of mind and . . . [that] the deprivation suffered or injury inflicted on the inmate was sufficiently serious.'" (quoting *Iko v. Shreve*, 535

F.3d 225, 238 (4th Cir. 2008)). A delay causes substantial harm if the result is "a 'marked' exacerbation of the prisoner's medical condition or 'frequent complaints of severe pain.'" *Formica v. Aylor*, 739 F. App'x 745, 755 (4th Cir. 2018) (citing *Webb v. Hamidullah*, 281 F. App'x 159, 166–67 (4th Cir. 2008)); *see also McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain.").

Sutton alleges that he suffered from a continuous painful medical condition because Defendants delayed providing him with access to adequate medical care over a prolonged period of time, including providing necessary surgery. At this juncture, the Court finds that Sutton has adequately stated a constitutional claim for relief pertaining to his medical care. Accordingly, the Motion to Dismiss filed by Defendants Watts and Verch, ECF No. 23, will be **DENIED** insofar as it pertains to Sutton's claim for money damages, but will be **GRANTED** insofar as it pertains to Sutton's claim for injunctive relief.

### B. Defendant Dr. Zowie Barnes

Defendant Barnes also asserts that Sutton has failed to state a constitutional claim for relief, but also says that, to the extent that he brings a negligence claim, he has failed to allege compliance with Maryland state law that requires such claims to proceed through health claims arbitration prior to bringing the claim in this court. ECF No. 25.

Barnes asserts that Sutton's claims against her "primarily involve his unhappiness with the timeliness and extent of the care provided," and his disagreement with the treatment plan. ECF No. 25 at 6. As discussed above, however, the Court finds that Sutton has adequately alleged that prolonged delay in his treatment caused him serious pain and suffering and that Barnes in particular delayed providing adequate medical care over a prolonged period of time, including seeing to

necessary surgery. At this stage of the litigation, the Court finds Sutton's allegations sufficient to state a claim. At the same time Sutton does not appear to make a state law claim for medical negligence claim, with the result that Barnes' argument as to that point is without merit. Accordingly, Barnes's Motion to Dismiss, ECF No. 25, will be **DENIED** insofar as it pertains to Sutton's claim for money damages but will be **GRANTED** insofar as it pertains to Sutton's claim for injunctive relief.

### CONCLUSION

Sutton has stated constitutional claims that may proceed against Defendants. By separate Order, Defendants' Motions to Dismiss will be **DENIED** as they pertain to Sutton's claim for damages but will be **GRANTED** as they pertain to Sutton's claim for injunctive relief.

2-/16/23
_____
Date

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE